Reply to: Larry Michael Francis
        Resident No 01118261
        Southeast Texas Transitional Center
        10950 Beaumont Hwy
        Houston TX 77078

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 01 2015
Abel Acosta, Clerk

Respondent: Texas Board of Pardons and Paroles   March 21, 2015
        8610 Shoal Creek Blvd
        Austin TX ~~78711~~ 78757

Re: Challenge to Add-on Conditions After Release From TDCJ
    on March 18, 2015

Operative Agency: Coleman Processing Staff, Region I IPO
County of Record District Parole Office: Orange DPO, 851 Dal Sasso Dr,
                                   Orange TX 77630

County of Record: Jasper County CSCD, 3rd Floor Rm 301, 121 N Austin St,
           Jasper TX 75951
Last Parole Board Panel: Gatesville IPO, 3406 SH 36S,
                   Gatesville TX 76528-3141

Greetings, Parole Board Panel:

   This is to amend my <u>Coleman</u> challenge to imposition of conditions for release (X) dated January 20, 2013; as amended for M, N & O.51 on February 8, 2013; to additionally challenge condition O.06 that was added to the imposition on March 4, 2015 (over 2 years later); and to additionally challenge conditions O.01, O.02, O.03, O.04, V1 and V2 as imposed by my parole officer (Ms Chenier) on March 21, 2015; on the same grounds that I challenged the imposition over 2 years ago.

   My trial court judge with full knowledge of the evidence and mitigating circumstances of my offense did not impose any conditions on my <u>un</u>adjudicated community supervision probation, and when CSO Chris Thomas attempted to add-on conditions unlawfully, the judge told him that I did not have to sign my conditions.

   I did nothing at all wrong and everything right and had gathered evidence to prove prosecutorial misconduct against

1.

Asst DA Patrick Hardy Jr for CSCD Director William Sparks and CSO Theronda Levias. But Hardy managed to revocate my lawful 2-year Minimum (which I successfully completed including voluntary 26 month SO treatment to satisfy certification for being out of denial after 1 year)/10-year Maximum unadjudicated probation, which has now also expired while I languished in prison under unlawful incarceration. Hardy needed at least one conviction for his record to get a full-DA's job, had already been passed over twice, and solicited a friend of mine to act as a male prostitute to find a reason to revocate my community supervision. He did not know that my friend told me what Hardy and Sheriff's Deputy Stacey Chambers were setting up, and together we sprung the trap on Hardy and Chambers by acting out a roleplay scene for the videotape. My problem came when Hardy issued an official letter from the DA's office that prohibited the CSCD from any contact with me in jail under No Bond. Without the CSCD's promised investigation I was rushed out of County in the Jailer's car to intake at TDCJ. My entire incarceration is unlawful because 1) I was innocent of any violation of my probation and 2) I was never required by my trial court to sign the condition anyway.

There were 9-months before my trial due to the dragging-death trial of James Byrd. District Attorney Guy James Gray had me extensively evaluated by Dr Edward Gripon, Forensics Psychologist and Expert Witness for Jasper County. Child Protective Services had already determined that my offense had been ended at one event episode and had not been ongoing for the 9-month period before my male victim confronted me and I agreed with him and family to seek counseling. CPS did not restrict my contact with victim or any children prior

2.

to my trial. Dr Gripon in his evaluation including extensive psycho-sexual testing (PSI-II) determined and reported to the trial court that I was a prime candidate for probation: I am not a pedophile, my primary sexual attractions are to adults; I am not predatory, my offense was opportunistic - not planned in advance and not based on selection of a victim because of their vulnerability; I am not violent; there is no significant risk that I will reoffend in the juvenile population.

The reason I did not re offend my 9-year old nephew after I stopped myself mid-assault was because of a crystalizing instant when I realized the harm I could cause to him if he awakened. The emotional response was overwhelming to the degree that I could hardly breathe, my heart was racing, I began crying. I did not know that he knew until 9-months later when he confronted me and told me he knew what I had done. Otherwise I returned to normal state and never thought of offending him again, and he continued to visit in my home without fear of a recurrance.

The trial court considered all of this mitigating evidence and determined that I did not need conditions. This was prior to the development of Parole Operations Procedures that punitively prevent the restoration of offenders and reunification of families.

During my 26-month voluntarily adopted SO treatment under Dr Ray Coxe (now retired), he presented a 7-module program that included family reunification, and I graduated from that program in July 2002. Judge Joe Bob Golden did not restrict my contact with my victim — he continued to reside next door to me — nor with other children. It was only CSCD that tried to impose those onerous conditions on me. I always objected, and I will always challenge punitive treatment. I will always voluntarily adopt the principles of restorative justice.

3.

None of the conditions imposed by the Parole Board apply to my offense for the reasons given in my original challenge and ~~to~~ for the reasons given above. I have been unlawfully incarcerated for nearly 13 years, and I am innocent of the allegations that were improperly used to force on me the conviction that was properly <u>un</u>adjucated in light of the mitigating evidence at trial. The conditions should be withdrawn.

Additionally the conviction should be overturned and compensation should be paid for unlawful incarceration.

Signed at Harris County on March 21, 2015:

Respectfully Submitted,

*Larry Michael Francis*

Larry Michael Francis, Requestor

c: Judge Craig Mixson, 1st District Court;
Chris Thomas, CSCD Supervisor, Adult Supervision, Jasper, Texas;
District Attorney Steve Hollis, Jasper County;
Jasper County Sheriff;
Special Legal Counsel Brian McGiverin, Prison Justice League;
Court of Criminal Appeals (60,061);
all Respondents;
file (2)

4.